UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALLEN EDGAR McGREW III, and
LAURELI KATHERINE McKAY,

    Defendants.

_____/

No.   1:07-CR-286

HON. PAUL L. MALONEY

## PLEA AGREEMENT

This constitutes the Plea Agreement between ALLEN EDGAR McGREW III (hereinafter, "Defendant") and the United States Attorney's Office for the Western District of Michigan. The terms of the Agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty to Counts 1 and 3 of the Indictment</u>. The Defendant agrees to plead guilty to Counts 1 and 3 of the Indictment.

    A.   <u>Count 1</u>: Count 1 of the Indictment charges the Defendant with possession with intent to distribute a quantity of cocaine and at least five grams of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C).

    B.   <u>Count 3</u>: Count 3 of the Indictment charges the Defendant with possession of firearms in furtherance of drug trafficking, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

2. <u>The Defendant Understands the Crimes</u>.

   A. <u>Count 1</u>: In order for the Defendant to be guilty of violating Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C), the following must be true: that, on or about December 15, 2006, in Ingham County, Defendant knowingly and intentionally possessed with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine and five grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack" cocaine), both Schedule II controlled substances.

   B. <u>Count 3</u>: In order for the Defendant to be guilty of violating Title 18, United States Code, Section 924(c)(1)(A)(i), the following must be true: that, on or about December 15, 2006, in Ingham County, Defendant knowingly possessed one or more of the following firearms: a Taurus .45 caliber, Model PT145, semiautomatic pistol, and a Taurus 9mm, Model P92AFS, semiautomatic pistol, in furtherance of drug trafficking crimes as charged in Count 1 of the Indictment.

   The Defendant is pleading guilty because he is guilty of the charges described above.

3. <u>The Defendant Understands the Penalties</u>.

   A. <u>Count 1</u>: The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C) is the following: forty years' imprisonment; five years of supervised release; a fine of $2,000,000; and a mandatory special assessment of $100. The statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii), is five years' imprisonment and four years of supervised release.

2

B.  <u>Count 3</u>: The statutory sentence that the Court shall impose for a violation of Title 18, United States Code, Section 924(c)(1)(A)(i) is the following: no less than five years' imprisonment, to be served consecutively to that sentence imposed for Count 1 of the Indictment; a fine of up to $250,000; up to five years of supervised release; and a mandatory special assessment of $100.

The Defendant agrees to pay the special assessments at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4.  <u>The Defendant Understands Supervised Release</u>.  Supervised release is a period of time following imprisonment during which the Defendant will be subject to various restrictions and requirements. The Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release.

5.  <u>Defendant Agrees to Cooperate</u>.  The Defendant agrees to fully cooperate with the bureau of Alcohol, Tobacco, Firearms, and Explosives, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in the Indictment as well as the investigation of crimes over which they have actual or apparent jurisdiction. The Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the Defendant's possession or under the Defendant's control, including, but not limited to, objects, documents, and

3

photographs. The Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the Defendant should reasonably know will assist in the investigation of other criminal activity. The Defendant will not commit any criminal offense during the course of his cooperation with the United States. The Defendant will submit to polygraph examination(s) upon request. The Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

6. The Promises of the United States Attorney's Office.

A. Dismissal of Count 2 of the Indictment. The U.S. Attorney's Office agrees to move to dismiss Count 2 of the Indictment against the Defendant at the time of sentencing.

B. On Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines (the "Guidelines"), provided the Defendant qualifies under the Guidelines. If the Court finds the Defendant's adjusted offense level is sixteen or greater and awards the Defendant this two-level reduction, the government will move the Court to grant an additional one-level reduction because the Defendant accepted responsibility sufficiently early in the case for the government to avoid preparing for trial.

C. Non-Enhancement Agreement. The U.S. Attorney's Office agrees not to seek or file supplementary charges which would enhance Defendant's sentence pursuant to Title 21, United States Code, Sections 841(b)(1)(B) and 851. Defendant understands that, without this agreement, Defendant would be subject to a statutory mandatory minimum sentence of 10 years to

4

a maximum of life imprisonment because the Defendant has been convicted of one or more prior felony drug offenses.

7.   <u>Possibility of Sentence Reduction Motions</u>.  The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Section 5K1.1 of the Guidelines; Title 18, United States Code, Section 3553(e); and/or Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant fully understands that such a motion may be made pursuant to law if, and only if, the Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determination of whether the Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office. In making the determination of whether to file a motion for departure or reduction of sentence, the U.S. Attorney's Office will take into consideration the benefits already conferred upon the Defendant in paragraphs 6A and 6C, above. The Defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence. Additionally, the Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court — not the government — would decide how much of a departure or sentence reduction the Defendant receives based upon the nature and extent of the Defendant's assistance. The Defendant understands that any departure or sentence reduction will be limited by the statutory mandatory minimum unless the Government files a written motion to release the mandatory minimum. The Defendant acknowledges and agrees that he may not appeal

5

the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

8. <u>The Sentencing Guidelines</u>. The Defendant understands that, although the United States Sentencing Guidelines are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalty described elsewhere in this Agreement. The Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. <u>There Is No Agreement About the Final Sentencing Guidelines Range</u>. The Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

10. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As

6

a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

    A.    The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

    B.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove the Defendant guilty beyond a reasonable doubt.

    C.    The right to confront and cross-examine witnesses against the Defendant.

    D.    The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    E.    The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

By pleading guilty, the Defendant also gives up any and all rights to appeal his conviction, except the right to appeal a violation of this Plea Agreement or a defect in the change of plea proceedings. The Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

11.    <u>Waiver of Appeal and Collateral Attack</u>. The Defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal any sentence that is at or below the maximum guideline range, as determined by the Court at sentencing, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, or any ground whatsoever. This

waiver is in exchange for the concessions made by the United States Attorney's Office in this Plea Agreement. The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255. This Plea Agreement does not affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court.

12. **The Court Is Not a Party to This Agreement**. The Defendant understands that the Court is not a party to this Plea Agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this Plea Agreement. The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

13. **This Agreement is Limited to the Parties**. This Plea Agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This Agreement applies only to crimes committed by the Defendant. This Plea Agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future forfeiture or civil actions.

14. **Consequences of Breach**. If the Defendant breaches any provision of this Plea Agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this Agreement, or deny any or all benefits to which the

8

Defendant would otherwise be entitled under the terms of this Agreement. In the event that the United States elects to terminate this Plea Agreement, the Agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this Agreement, as though no Agreement ever existed. In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this Plea Agreement.

15. **This Is the Complete Agreement.** This Plea Agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

16. **Deadline for Acceptance of Agreement.** If a copy of this Plea Agreement, executed by the Defendant and defense counsel, is not returned to the U.S. Attorney's Office by March 28, 2008, this Agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed Plea Agreement after that date.

CHARLES R. GROSS
United States Attorney

May 16, 2008
Date

CHRISTOPHER M. O'CONNOR
Assistant United States Attorney

9

I have read this Plea Agreement and carefully discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to me other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

5-13-08
Date

ALLEN EDGAR McGREW III
Defendant

I am Allen Edgar McGrew III's attorney. I have carefully discussed every part of this Agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this Agreement. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

5-15-08
Date

CHRIS A. HOUGHTALING
Attorney for Defendant

10